IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DEMETRIS BANKSTON                                                                    PLAINTIFF

v.                                          Civil No. 1:22-cv-01033

ASHLEY COUNTY DETENTION CENTER                                       DEFENDANT

**ORDER**

Plaintiff, Demetris Bankston, filed this 42 U.S.C. § 1983 action *pro se* on June 7, 2022, in the Eastern District of Arkansas.  ECF No. 2.  On June 9, 2022, the case was transferred to the Western District of Arkansas, El Dorado Division.  ECF No. 4.  Before the Court is the issue of Plaintiff's failure to comply with orders of the Court.

On June 10, 2022, the Court ordered Plaintiff to file an Amended Complaint by July 1, 2022, because he did not submit the complaint on the court-approved form for this District, he did not sign the complaint, and he named Ashley County Detention Center as the only Defendant.  ECF No. 7.  The order informed Plaintiff that failure to timely comply would result in the case being dismissed without prejudice.  Plaintiff did not respond, and the order was not returned to the Court as undeliverable.

On July 19, 2022, the Court issued an order to Plaintiff to show cause by August 9, 2022, as to why he failed to file an Amended Complaint.  ECF No. 11.  This order also informed Plaintiff that failure to comply would result in this case being dismissed.  Plaintiff did not respond to the show cause order, and the order has not been returned to the Court as undeliverable.

On August 9, 2022, Plaintiff submitted a second IFP application to the Court.  ECF No. 12.  Because Plaintiff communicated with the Court, a second show cause order was sent to Plaintiff on August 10, 2022, regarding his failure to file an Amended Complaint.  ECF No. 13.  This order informed Plaintiff that failure to show cause by August 31, 2022, as to why he failed to file an Amended

Complaint would result in his case being dismissed. *Id.* To date, Plaintiff has not responded to the second show cause order, and the order has not been returned to the Court as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey several orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 15th day of September, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge